**In re Mohan KUTTY, Debtor.**

**No. 8:04–BK–24095–ALP.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 8, 2005.

Don M. Stichter, Stichter, Riedel, Blain And Prosser, Tampa, FL, for Debtor.

*ORDER ON EXAMINER'S APPLICA-TION FOR ALLOWANCE OF FEE COMPENSATION (Doc. No. 144); OBJECTION TO EXAMINER'S AP-PLICATION FOR ALLOWANCE OF FEE COMPENSATION (Doc. No. 150); JOINDER BY VILLAMORA, LTD., IN DEBTOR'S OBJECTION TO APPLICATION FOR ALLOW-ANCE OF FEE COMPENSATION BY EXAMINER (Doc. No. 160)*

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration in this Chapter 11 case are (1) Examiner's Application for Allowance of Fee Compensation (Application) (Doc. No. 144) filed by Kevin D. Dennis of Navigant Consulting, Inc. (Examiner) and the Objections to the Application filed by Mohan Kutty (Debtor) and Villamora, LTD, (Villamora).

At the duly noticed hearing on the Application, this Court heard Arguments in support and in opposition to the Application. This Court, having considered the Application and the Objections and the relevant part of the record, now finds and concludes as follows:

On December 15, 2004 the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. On March 21, 2005, this Court entered an Order Appointing Exam-

iner which allowed the Office of the U.S. Trustee to appoint an examiner to perform specific duties which were outlined in the Order. On March 30, 2005, this Court entered an Order approving Kevin D. Dennis of Navigant Consulting as Examiner (Doc. No. 71). On July 27, 2005, the Examiner filed his preliminary report (Doc. No. 128) and on August 19, 2005, the Examiner filed his Final Report (Doc. No. 143).

On August 23, 2005, the Examiner filed his Application. In his application the Examiner set forth and described the services rendered and, according to his application, spent 445.10 hours on the Preliminary and the Final Reports and on the investigations he conducted in order to prepare the Reports. The Examiner's hourly rate is $290.00 per hour. Based on the foregoing, the Examiner is seeking $103,003.00 in professional fees for services rendered during the period of April 19, 2005 up to and including August 9, 2005. The Examiner also requests and additional $2,500.00 for compensation for estimated fees for the services which might be required of him to be performed from August 20, through August 31, 2005.

In due course, the Debtor filed his Objection to the Application for Fee Compensation contending first that the hours spent by the Examiner, that is the 445.10 hours, was disproportionate to the task involved and was not necessary to be spent for the investigation authorized by the Court. In addition, the Debtor contends that although the Examiner was appointed March 30, 2005, the Examiner spent only 3.2 hours in April and May 2005, which period included the time spent on negotiations between the Bank of America who sought the appointment of the Examiner, and the Debtor to resolve the position of the Bank of America.

It is without serious dispute that the bulk of the significant documents relied on were easily available to the Examiner from the Bank of America. The Debtor also contends that the representatives of InterMed, LLC (InterMed), met on numerous occasions with the Examiner presenting records and analyzing payments from InterMed, and transactions between InterMed and the Debtor. Specifically, the Debtor contends that the Examiner spent nine (9) hours reviewing transcripts of the special board meetings of InterMed, which had little or no relevance to the area of the task assigned to the Examiner by the Order of Appointment. The Debtor also points out that the Examiner spent thirteen (13) hours reviewing the transcript of the Section 341 Meeting, which is equally of no relevance to the task assigned to the Examiner.

The Debtor points out that, according to the Application, the Examiner spent time to investigate and conduct research on the usury issue which, again, was not involved in the area of the investigation. Lastly, it is contended that there were sixty-four (64) hours spent to prepare the preliminary report and seventy-eight (78) additional hours spent preparing the final report, and there were no major differences between the findings set forth in the Preliminary and the Final report.

On September 13, 2005, Villamora joined in the Debtor's Objection to the Application by the Examiner. The bulk of the submission of Villamora sets forth no basis to the Objection to the Application of the Examiner, but consists of disputing the factual findings of the Examiner and, basically, criticizing the Reports filed by the Examiner. The only basis which merits consideration in the Objection by Villamora is the Objections already set forth by the Debtor which Villamora adopted and incorporated in its Objection.

In due course, the Examiner filed his Response to Debtor's Objection to Examiner's Application for Allowance of Fee Compensation (Response) (Doc. No. 164). In his Response, the Examiner points out that once the documentation was obtained by the Examiner, it became evident that significant ancillary issues arose which required a review, such as transactions which might appear to be a potential fraudulent transaction, and possibly some other avoidable transfers which required additional reviews and work.

The Examiner doesn't dispute that significant documents were available to the Examiner from counsel for Bank of America, but contends that they required a review, nevertheless, which was time consuming due to the complexity of the transactions of the Debtor. The Examiner points out that the documents which had to be reviewed were essential to the understanding of the Debtor's complex financial transactions and to developing opinions for each of the Court ordered areas of the investigation.

A careful review of the Objections under consideration and the Response of the Examiner together with the Application, and considering the specific areas which the Examiner was to investigate and report on, this Court is satisfied that there were, indeed, several hours spent which were not reasonable or necessary for the Examiner to spend. For instance, this Court is unwilling to accept the proposition that a review of the minutes of the special meeting of the members of the board of InterMed was necessary. Neither was the time spent to review the transcripts of the Section 341 Meeting. The Application also reveals that time was spent by Charles West of the Examiner's Firm on research of historical interest rates and also detailing historical trends of prime interest rates, as well as identification of usury statutes in Florida and Tennessee.

Having considered the Application and Objections, together with the record, this Court is satisfied that the Objections should be sustained in part, overruled in part. The Application should be approved and a reasonable fee shall not be more than $84,619.00.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Examiner's Application for Allowance of Fee Compensation (Doc. No. 144) be, and the same is hereby, approved and a reasonable fee for services rendered is hereby determined to be in the amount of $84,619.00. It is further

ORDERED, ADJUDGED AND DECREED that the Objection to Examiner's Application for Allowance of Fee Compensation (Doc. No. 150) be, and the same is hereby, sustained in part and overruled in part. It is further

ORDERED, ADJUDGED AND DECREED that the Joinder by Villamora, Ltd., in Debtor's Objection to Application for Allowance of Fee Compensation by Examiner (Doc. No. 160) be, and the same is hereby, sustained in part and overruled in part.